IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LORI CHRISTIE,

        Plaintiff,

v.                                                    Case No. 17-1079-JWB

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

**MEMORANDUM AND ORDER**

This is an action reviewing the final decision of the Commissioner of Social Security denying plaintiff disability insurance benefits. The matter has been fully briefed by the parties and the court is prepared to rule. (Docs. 17, 23, 26.) The decision is REVERSED and REMANDED for the reasons set forth herein.

**I. General Legal Standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The Commissioner's decision will be reviewed to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether

the Commissioner's conclusions are rational.  *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. *Glenn*, 21 F.3d at 984.

The Commissioner has established a five-step sequential evaluation process to determine disability. 20 C.F.R. § 404.1520; *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010).  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  At step two, the agency will find non-disability unless the claimant shows that he or she has a severe impairment.  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. *Id.* at 750-51. If the claimant's impairment does not meet or equal a listed impairment, the agency determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e).  The RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. § 404.1520(a)(4); 404.1520(f, g).  At step four, the agency must determine whether the claimant can perform previous work. If a claimant shows that she cannot perform the previous work, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. *Barnhart v. Thomas*, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. *Blea v. Barnhart*, 466 F.3d 903, 907 (10th Cir. 2006).  At step five, the burden shifts to the Commissioner to show

that the claimant can perform other work that exists in the national economy. *Id.*; *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. *Thompson*, 987 F.2d at 1487.

## II.     History of Case

On January 15, 2016, the ALJ entered an unfavorable decision on Plaintiff's petition for disability benefits. (R. at 13-27.)  The ALJ determined at step two that Plaintiff had the following severe impairments: degenerative disc disease, degenerative joint disease, spondylosis of the cervical spine, fibromyalgia, anxiety and a thought disorder. (R. at 18.)  At step three, the ALJ determined that Plaintiff's impairments did not meet or exceed the severity of one of the listed impairments. (R. at 19.)  Specifically, with respect to Plaintiff's mental health, the ALJ determined that "with regard to concentration, persistence or pace, the claimant has moderate difficulties.  The claimant can concentrate to perform simple household chores.  She can concentrate to drive." (R. at 20.)  The ALJ specifically stated that the limitations identified in step three are not a residual functional capacity assessment.  The ALJ went on to establish the Plaintiff's RFC.  The RFC sets out Plaintiff's physical limitations (to which there is no objection) and then also states that Plaintiff is "limited to performing unskilled work only." (R. at 20.)

In evaluating Plaintiff's RFC, the ALJ considered the evidence from the hearing, the medical records, and the opinions of the state agency consultants.  With respect to Plaintiff's testimony, the ALJ determined her testimony was not fully credible but that the impairments required a reduction of the RFC. (R. at 25.)  However, the ALJ did lend some weight to Plaintiff's testimony.  Notably, the state psychological consultant found that Plaintiff did not have any mental health impairments and determined that there were no limitations in any of the criteria of the listings, including difficulties in maintaining concentration, persistence or pace.  The ALJ afforded

the opinion of the psychological consultant "limited weight as evidence submitted at the hearing level indicates she is more limited than determined by the agency consultants." (R. at 25.) Plaintiff's testimony, that was considered by the ALJ with respect to her mental health, included the following: "she has 'fibro fog';" "her medications make her tired and she does not care about anything;" "she has memory problems and loses her train of thought;" and "at times, she is afraid to leave the house." (R. at 21.) The RFC does not specifically refer to any work limitation related to Plaintiff's mental health impairments.

At step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform given her age, education, work experience and RFC. Plaintiff has sufficiently exhausted her administrative remedies prior to filing this action.

## III.   Analysis

Plaintiff asserts two errors by the ALJ in this matter. First, Plaintiff contends that the ALJ erred in failing to provide a detailed RFC assessment as it does not account for Plaintiff's mental limitations. Second, Plaintiff argues that there is a conflict between the testimony of the vocational expert and the Dictionary of Occupational Titles ("DOT") that was not resolved by the ALJ. The court will address the arguments in turn.

### A.  RFC Determination

Plaintiff argues that the ALJ erred by failing to include a detailed assessment regarding Plaintiff's mental limitations in his RFC and that the ALJ's limitation of unskilled work is insufficient to account for Plaintiff's mental limitations. The Commissioner responds that the ALJ's RFC limitation of unskilled work accounted for Plaintiff's moderate mental limitations.

At step three, the ALJ determined that Plaintiff was moderately limited in concentration, persistence and pace. Step three determinations are used to rate the severity of Plaintiff's mental

4

impairments. *Wells v. Colvin*, 727 F.3d 1061, 1069 (10th Cir. 2013). The mental RFC assessment, however, "requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the [Psychiatric Review Technique Form]." *Id.* While the ALJ did a detailed assessment regarding the medical evidence, Plaintiff's testimony and the state consultants, the ALJ failed to address how Plaintiff's limitations would affect her "ability to meet the …mental…requirements of work." 20 C.F.R. § 416.945. Section 416.945 requires the ALJ to

> first assess the nature and extent of [the claimant's] mental limitations and restrictions and then determine [the claimant's] residual functional capacity for work activity on a regular and continuing basis. A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce your ability to do past work and other work.

*Id.*

The Commissioner contends that the ALJ's limitation of "unskilled work" in the RFC is sufficient to account for the moderate limitations in concentration, persistence or pace, citing *Smith v. Colvin*, 821 F.3d 1264, 1269 (10th Cir. 2016). In *Smith*, the ALJ reviewed the medical evidence and determined that the claimant "could not engage in face-to-face contact with the public and [] could engage in only simple, repetitive, and routine tasks…. Through these findings, the administrative law judge incorporated the functional limitations of Ms. Smith's moderate nonexertional impairments." 821 F.3d at 1269.

Contrary to *Smith*, however, the ALJ's decision fails to identify in the analysis how Plaintiff's mental limitations impact her ability to do work. Therefore, the *Smith* opinion does not support upholding the ALJ's decision in this matter. Notably, while the ALJ's RFC includes a limitation to unskilled work, the ALJ's decision fails to indicate the reason for determining that

Plaintiff is limited to unskilled work. Both Plaintiff and the Commissioner assume that the limitation to unskilled work is to encompass Plaintiff's moderate mental limitations. However, the decision is silent as to the reason for the limitation. The court will not assume that the limitation to unskilled work is to account for Plaintiff's moderate mental limitations when the record fails to indicate as such. "[T]he district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself." *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) (citations omitted). Moreover, the Court cannot reweigh evidence or make credibility decisions. *Campbell v. Astrue*, 525 F. Supp. 2d 1256, 1262 (D. Kan. 2007).

The Commissioner also cites to *Vigil v. Colvin*, 805 F.3d 1199 (10th Cir. 2015) in support of the position that an ALJ may restrict a claimant to unskilled work when there is a moderate limitation in concentration, persistence or pace. The Circuit held that the limitation to unskilled work in *Vigil* adequately addressed the claimant's mental limitations because the ALJ discussed the mental limitations and the ability to perform work tasks. Specifically, the ALJ

> found some evidence indicating that Vigil had some problems with concentration, persistence, and pace "such that [he] could not be expected to perform complex tasks." Admin. R. at 17 (citing findings of impaired delayed recall, inability to spell in reverse, or recall the President's name). But, the ALJ further found that "the findings of a normal ability to recall items on immediate recall, and an ability to spell words forward, as well as finding of normal thought processes, indicate[d] that Vigil retain[ed] enough memory and concentration to perform at least simple tasks." *Id.*

*Vigil*, 805 F.3d at 1203-04.

In this matter, the ALJ clearly found that Plaintiff had moderate limitations in concentration, persistence and pace at step three. The ALJ found Plaintiff's testimony at the hearing to be credible, although not fully credible. Notably, Plaintiff's testimony as to her mental limitations included evidence that "her medications make her tired and she does not care about

6

anything," "she has memory problems and loses her train of thought," and "at times, she is afraid to leave the house." (R. at 21.) The ALJ then made no attempt to explain how this evidence, which he found somewhat credible, translated into work limitations, if any. Although the state consultants determined that Plaintiff had no severe mental health limitations, the ALJ rejected that portion of the opinions based on Plaintiff's testimony and her prior mental health records. The ALJ then failed to sufficiently address how Plaintiff's limitations would affect her "ability to meet the …mental…requirements of work." 20 C.F.R. § 416.945.

The Commissioner further contends that the "need for express analysis is weakened" when the "ALJ does not need to reject or weigh evidence unfavorably." (Doc. 12 at 6) (citing *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004).) However, in this matter, the ALJ clearly found that Plaintiff had mental health limitations as the ALJ rejected the opinions of the state consultants and found the evidence at the hearing credible. The ALJ, however, failed to address how those limitations impacted Plaintiff's ability to work.

The "ALJ was required to express those [mental] impairments 'in terms of work-related functions' or '[w]ork-related mental activities.'" *Jaramillo v. Colvin*, 576 F. App'x 870, 876 (10th Cir. 2014) (citing SSR 96–8p, 1996 WL 374184, at *6). Although this requirement was raised by Plaintiff, the Commissioner does not address why this requirement is not applicable in this matter. The Court recognizes that the Tenth Circuit in *Vigil* has stated that a limitation to unskilled work can be sufficient, in some cases, to address moderate limitations to concentration, persistence and pace. However, as previously discussed, such a determination can only be made when an ALJ has explained the mental limitations in terms of work related functions and why a limitation to unskilled work addresses those mental limitations. *See Vigil*, 805 F.3d at 1203-04; *Dettmer v. Colvin*, No. 14-2602-CM, 2016 WL 183513, at *4 (D. Kan. Jan. 14, 2016) ("The ALJ merely

limited plaintiff to "unskilled, repetitive work." The court agrees that the ALJ should have been more specific in his limitations.")

When an ALJ has not performed the required analysis as set forth in the regulation and SSR 96-8p, the court cannot determine whether an RFC of unskilled work has sufficiently accounted for Plaintiff's moderate mental limitations. *See Jaramillo*, 576 F. App'x at 877 (citing *Wiederholt v. Barnhart*, 121 Fed. Appx. 833, 839 (10th Cir. 2005) (holding that limitation to "simple, unskilled job tasks" was insufficient to incorporate "moderate difficulties maintaining concentration, persistence, or pace")).

Although the ALJ found that Plaintiff had moderate limitations in concentration, persistence and pace at step three and then found Plaintiff's testimony and prior medical records credible in evaluating the RFC, the ALJ failed to address Plaintiff's mental limitations in terms of work related functions in the analysis.  The RFC's limitation of unskilled work is not sufficient to address the limitations as the decision fails to include any discussion regarding the limitations and the impact on Plaintiff's ability to perform work related tasks.  Therefore, this matter will be remanded.  On remand, the Commissioner is free to reopen the hearing, if necessary.  By remanding this case, the court does not imply that a finding of disability should be the ultimate outcome in this matter.

### B. Conflict with the DOT

Plaintiff contends that the vocational expert's testimony conflicts with the DOT because she was limited to occasional overhead reaching and the jobs identified by the vocational expert require frequent reaching. "Before an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of

8

Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point." *Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005).

In this matter, considering Plaintiff's RFC, which included a limitation of only occasional overhead reaching, the vocational expert testified that Plaintiff could perform the jobs of garment sorter, mail clerk and office helper. (R. at 59.) The ALJ asked the vocational expert if his testimony was consistent with the information in the DOT. The vocational expert testified that it was. (R. at 60.) Plaintiff, however, contends that there is a discrepancy as those jobs require frequent reaching.

In response, the Commissioner argues that there is no apparent conflict between the RFC and the jobs identified. The Commissioner cites to the Tenth Circuit opinion in *Segovia v. Astrue*, 226 F. App'x 801 (10th Cir. 2007), in support. In *Segovia*, the Circuit discussed this issue as follows:

> Both positions [identified by the vocational expert] require "frequent" reaching, see SCO §§ 09.05.02, 09.05.08; Aplt.App. at 439, 446, while Ms. Segovia is limited to occasional overhead reaching. For purposes of the SCO, however, "reaching" is defined as "[e]xtending hand(s) and arm(s) in any direction." SCO at C–3 (emphasis added). The SCO does not separately classify overhead reaching. Thus, under the SCO, even a job requiring frequent reaching does not necessarily require more than occasional overhead reaching. The VE was aware of Ms. Segovia's limitations on overhead reaching, and he testified both that she could perform the jobs he identified and that his opinion of the jobs open to her was consistent with the DOT's specifications. Aplt.App. at 391–92, 395. In these circumstances, the VE's testimony does not conflict with the DOT and SCO so much as it clarifies how their broad categorizations apply to this specific case. See Carey v. Apfel, 230 F.3d 131, 146 (5th Cir.2000) ("To the extent that there is any implied or indirect conflict between the vocational expert's testimony and the DOT in this case, ... the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so.... [A]ll kinds of implicit conflicts are possible and the categorical requirements listed in the DOT do not and cannot satisfactorily answer every such situation.").

*Segovia*, 226 F. App'x at 804.

9

In her reply brief, Plaintiff fails to respond to the authority cited by the Commissioner. The positions identified by the vocational expert do not indicate that overhead reaching is frequently required. DOT No. 222.687-014 (garment sorter), 1991 WL 672131, No. 209.687-026 (mail clerk), 1991 WL 671813, No. 239.567-010 (office helper), 1991 WL 672232. Rather, the job descriptions merely state that frequent reaching is required. Therefore, as held in *Segovia*, there is no conflict that the vocational expert needed to resolve and the decision on this issue is supported by substantial evidence. *Segovia*, 226 F. App'x at 804.

**IV.   Conclusion**

The Commissioner's decision is reversed and remanded. The case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings in accordance with this Memorandum and Order.

IT IS SO ORDERED this 31st day of May, 2018.

                     \_\_s/ John W. Broomes_____
                     JOHN W. BROOMES
                     UNITED STATES DISTRICT JUDGE